U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUN 2 9 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TOMAS ARAGONES-PINEIR | DOCKET NO. 05-CV-2091 |
| VERSUS | DISTRICT JUDGE DEE DRELL |
| FREDRICK MENIFEE | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the Court is an Application for Federal Writ of Habeas Corpus under 28 U.S.C. §2241 filed by pro se petitioner Tomas Aragones-Pineir ("Petitioner"). Petitioner challenges the denial by the Federal Bureau of Prisons ("BOP") of his request to designate a state prison as a place of confinement for purposes of completing his federal sentence.

Petitioner has fully exhausted his claims through the BOP's administrative remedy procedures. (Doc. #11, Exhibit 4.) 28 C.F.R. §§ 542.10-542.16. Additionally, Petitioner's Application is properly before this Court as he is currently incarcerated in the United States Penitentiary in Pollock, Louisiana, within this judicial district. See Matheny v. Morrison, 307 F.3d 710, 711-712 (8th Cir. 2002); Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001).

Petitioner submits that on October 18, 2002, the United States District Court for the Southern District of Texas imposed a 46 month sentence. While the district judge did not explicitly state on the record whether or not the sentence was to run concurrent with the state court sentence yet to be imposed (which sentence was

imposed two days later), there was some banter at the sentencing that Petitioner argues indicates that the sentence was to be concurrent to the state sentence. Petitioner submitted a copy of the transcript of the sentencing hearing where the following exchange occurred:

"MR. REYNA: Judge, they don't get credit for the time served right now, your Honor.

THE COURT: They don't, but I can - - **can I order that that be taken into consideration in calculating their sentence** or do I have to subtract a year off?

U.S. PROBATION OFFICER SOLIZ: Your Honor, I was going to say they are in state custody. They're already out. We didn't get credit for federal.

THE COURT: Right. **But I want to order that they get credit.**

U.S. PROBATION OFFICER SOLIZ: I guess you can run their sentence - - or this sentence with - -

THE COURT: **Current with.**

U.S. PROBATION OFFICER: - - state or other to stay concurrent but - -

MR. REYNA: Judge, they're going to get pled out, Friday?

MR. TREVINO: I think we're set for Friday, Judge.

THE COURT: But I guess - - I mean, if - - doesn't the people at the Bureau of Prisons, when I order that this - - that they be given a year of credit or however - -

MR. REYNA: Because they've been in there for how long already?

U.S. PROBATION OFFICER: 295 days.

THE COURT: Yeah. 295 days. **And I'll order that they get 295 days credit.** Won't the Bureau - - I mean, won't that be honored by the Bureau of Prisons?

MR. STURGIS: I don't know.

2

THE COURT: Or do I have to - - or do I have to subtract it off?

U.S. PROBATION OFFICER SOLIZ: I think that would - - it'll be a recommendation, your Honor, but I think they're a different institution where they determine.

MR. STURGIS: They decide, yeah.

(Doc. #1, Exhibit p.13.) The transcript indicates that the sentencing court at the least contemplated concurrent sentences. However, the judge did **not** specify in the "Judgment in a Criminal Case" whether the federal sentence was to run concurrent with or consecutive to the state sentence that was yet to be imposed. (Doc. #11-3, p.22.)

The Fifth Circuit, within whose jurisdiction Petitioner is presently incarcerated, holds that a federal sentence **can be** imposed to run concurrent with a future state sentence. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991). Also, United States v. Esquivel, 78 Fed. Appx. 964, 2003 WL 22430514 (5th Cir. 2003)(emphasis added). The Fifth Circuit has also declared that "well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court **specifically orders** they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam) (emphasis added).

Therefore, while a federal district court may take into

3

consideration anticipated sentences from separate state court proceedings in determining whether to impose a concurrent or consecutive federal sentence, the failure of the Court to specify that the federal sentence is to run concurrently to the anticipated state sentence results in the designation of a consecutive sentence. "A district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively." Id.; see also, Reese v. United States Bureau of Prisons, 2006 U.S. Dist. LEXIS 23320 (D. Tex. 2006).

The undersigned recognizes that petitioner is frustrated by the BOP's decision in light of the discussion regarding a concurrent sentence that was held on the record the day of Petitioner's sentencing. However, the Judgment of the sentencing court is silent as to whether the sentences should be consecutive or concurrent. In order to clarify the intent of the court, the BOP contacted the sentencing judge by letter on July 21, 2005. (Doc. #11-2, p.37-38.) The judge sent a reply letter to the BOP on August 9, 2005, specifically stating that he had investigated the issue and that it was his intent that the Petitioner's federal sentence run **consecutive** to the state sentence. (Doc. #11-2, p.40.)

Petitioner also argues that the sentences should be concurrent because the state court designated that his state sentence was to be served concurrently with his federal sentence. However, such a

designation by the state court is non-binding on the BOP. <u>Leal v. Tombone</u>, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam).

Finally, if Petitioner thought that the court had inadvertently omitted from the "Judgment in a Criminal Case" a determination that his sentences were to be concurrent, he should have filed a motion to correct the sentence under Federal Rule of Criminal Procedure 35, within the delays allowed under that rule.

Thus, while the petitioner believes that the judge intended for the sentences to be concurrent, and while the transcript indicates that the judge at least contemplated concurrent sentences, the sentencing judge has come forward and specifically clarified that his intent was, in fact, that the federal sentence to be consecutive to the state sentence.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Petitioner's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or

5

request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of Aug, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE